UNITED STATES BANKRUPTCY COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re DONAHUE PARTNERS OF ARIZONA, INC., dba SUNVEK, <br><br>TCP ROOFING LLC, dba SUNVEK ROOFING, <br><br><br>Debtors. | In Chapter 11 proceedings <br><br>Case No. 2-06-BK-2953-CGC <br><br>Case No. 2-06-bk-2955-JMM <br><br>(Jointly Administered Under 1-06-bk-2953-CGC) <br><br>ORDER RE: ADMINISTRATIVE CLAIM OF GUENTHER PROPERTIES, LLC |

Landlord Guenther Properties, LLC, has filed a motion for allowance of administrative claim arising out of a rejected lease. The Debtor and Creditors Committee have objected.

The sole question is the effective date of the rejection. Debtor argues that the rejection should be effective as of October 11, 2006, when the motion to reject was filed; Landlord argues it should be effective as of the date of the order approving the rejection, November 17, 2007.

The law on this issue is settled in the Ninth Circuit. In *In re At Home Corporation*, 393 F.3d 1064 (9th Cir. 2004), the Circuit adopted the rule established by the First Circuit in *Thinking Machines Corp v. Mellon Financial Services Corp. #1*, 67 F.3d 1021 (1st Cir. 1995) that rejection is generally effective upon court approval[1] but that the Bankruptcy Court has discretion to exercise its equitable powers to set a retroactive date if justified by the circumstances.

Here, the order has already been entered and there is no language stating whether the

---

[1] *At Home* is silent on the issue of whether court approval is the date of entry of the order (November 20), the date it was signed (November 17) or the date the Court orally granted the motion at a hearing (November 8). In this case, there was a gap of nine days between the hearing and the signing of the order. A review of the electronic file discloses that the order was uploaded on November 6 (two days prior to the hearing). Thus, the delay in signing and entry was not attributable to the movant (the Debtor) but to the Court. This is a factor that can be considered by the Court in the exercise of its discretion.

effective date was intended to be anything other than the date of entry.  Landlord argues that *At Home* does not authorize retroactive treatment where the Debtor did not request *nunc pro tunc* treatment.  Further, Landlord argues that *At Home* requires the satisfaction of the four elements considered by the Court of Appeals in examining whether the Bankruptcy Court abused its discretion.  This Court does not read *At Home* so narrowly.  The Court of Appeals considered the four factors described because those are the four factors that the Bankruptcy Court considered in exercising its discretion.  There is no exclusive list of factors, but the Court must nevertheless examine the record and articulate any reasons it relies upon if the date is to be altered from the date of approval.  This can be done now in the context of Landlord's application for administrative expense as easily as at the time of the rejection motion.

      In this case, as in most cases dealing with this issue, the key issue is when possession of the premises was passed from the Debtor to the Landlord.  This factor is economic and pragmatic; so long as the Debtor has possession of the Landlord's property, it should pay for it; once the Landlord retakes possession and the property may be relet, the basis for a continuing administrative claim pending approval of a motion to reject substantially diminishes.

      The record is unclear on this point.  Debtor insists that the premises were turned over to the Landlord on October 11 when the motion to reject was filed and that they were in broom clean condition ready to be relet to a new tenant. Landlord insists that, although the inside of the premises were vacated, the loading dock is inaccessible because of vehicles and storage units owned by the Debtor.  Although the parties may present evidence on other issues that bear on the Court's exercise of its discretion, resolution of this dispute will be the most important factor.

      Counsel are directed to consult on this matter and agree on a process for presenting necessary

2

evidence as soon as possible. Counsel shall then contact the courtroom deputy and the matter can be heard for scheduling purposes at a telephonic conference.

So ordered.

**DATED**: March 8, 2007

_____
CHARLES G. CASE II
UNITED STATES BANKRUPTCY JUDGE

Copy of the foregoing mailed by the BNC and/or sent by auto-generated mail to:

Michael W. Carmel
MICHAEL W. CARMEL, LTD.
80 East Columbus Avenue
Phoenix, Arizona 85012-2334
Attorney for Debtors

Scott B. Cohen
SACKS TIERNEY P.A.
4250 North Goldwater Blvd., 4th Floor
Scottsdale, Arizona 85251-3693
Attorneys for Guenther Properties, LLC

Bradley J. Stevens
JENNINGS, STROUSS & SALMON, P.L.C.
The Collier Center, 11th Floor
201 West Washington Street
Phoenix, Arizona 85004-2385
Counsel for the Official Unsecured
 Creditors Committee

OFFICE OF THE U.S. TRUSTEE
230 North First Avenue, Suite 204
Phoenix, Arizona 85003-1706